UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert J. Ansell, Esq.
General Counsel
*Pro hac vice*
Power-Flo Technologies, Inc.
270 Park Avenue
New Hyde Park, New York 11040
(516) 812-6963
robert.ansell@powerflotechnologies.com

Leonard S. Spinelli, Esq.
PEM Law LLP
Local Counsel to Power-Flo Technologies, Inc.
One Boland Drive, Suite 101
West Orange, New Jersey 07052
(973) 585-5325
lspinelli@pemlawfirm.com

In Re:

JOSEPH K. VINCI,

Debtor.

Case No: 25-17113-CMG
Adv. No.:
Chapter: 13
Hearing Date: September 24, 2025
Judge: Christine M. Gravelle

### OBJECTION OF CREDITOR POWER-FLO TECHNOLOGIES, INC.
### TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Power-Flo Technologies, Inc. ("PFT"), by and through its undersigned General Counsel, admitted *pro hac vice* by order of this Court dated September 3, 2025, files this Objection to Confirmation of Debtor's Chapter 13 Plan (the "Plan"), states as follows:

1. The Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on July 7, 2025.

2. PFT obtained a judgment against the Debtor (and his non-filing business) on July 7, 2025 in the amount of $16,509.45[1] (the "Judgment") in a matter captioned *Power-Flo*

---

[1] The date of entry of the Judgment and the date of filing of the petition are the same. PFT is not aware which occurred first in time. For purposes of this opposition, the timing is irrelevant; PFT is an unsecured creditor that is owed the amount of the Judgment together with any accrued interest thereupon irrespective

*Technologies, Inc. v. Bridge Electric NJ LLC and Joseph Vinci,* pending in the Supreme Court of the State of New York, County of Nassau, under Nassau County Clerk Index No. 609675/2025 (the "Underlying Litigation"). A certified copy of the Judgment is annexed hereto and made a part hereof as **Exhibit 1**.

3. The Debtor filed the proposed Plan on July 28, 2025 [Docket 13].

4. Pursuant to section 5 titled "Unsecured Claims", the Debtor alleges that there are no unsecured claims.

5. That allegation is not true with respect to PFT's claim, and is belied by the Debtor's petition that lists several unsecured creditors other than PFT.[2]

6. With respect to PFT, Debtor was aware of the Underlying Litigation as early as May 12, 2025 when he served by *in-hand personal delivery*. A copy of the affidavit of service evidencing the foregoing is annexed hereto and made a part hereof as **Exhibit 2**.

7. In addition to the foregoing service, pursuant to New York's Civil Practice Law and Rules §3215, Debtor was served with an additional copy of the summons in the Underlying Litigation on May 15, 2025. A copy of the affidavit of service evidencing the foregoing is annexed hereto and made a part hereof as **Exhibit 3**.

8. Accordingly, it cannot be rationally disputed that the Debtor was aware of PFT's claim against him and that PFT (as well as other unsecured creditors) should be included in the Plan.

**The Plan Math Does not Make Sense**

9. The Plan proposes to pay the phantom unsecured creditors "no less" than $21,000 in addition to paying secured creditors Loancare, LLC $16,188.14 and Manasquan Bank $43,000.

---

of whether that is by reason of its Judgment, or its claim in the Underlying Litigation under which the Debtor defaulted.

[2] The Debtor's SOFA also omits the Underlying Litigation. *See* SOFA page 27, Part 4, Question 9 [Docket 12].

The total paid to secured creditors through the Plan is $59,188.14. If you add that to the $21,000 for unsecured creditors, you arrive at $80,188.14.

10. But the payments into the Plan only equal $76,200 leaving a deficit of $3,988.14. ($350 x 12 = $4,200 *and* $1,500 x 48 = $72,000; a total of $76,200). There is no explanation how the Debtor is going to pay the secured creditors the amounts set forth therein as well as the $21,000 to unsecured creditors.

11. The foregoing is not the only mathematical impossibility in the Plan. The Debtor is agreeing to pay secured creditors under Plan Part 4(a) a total of $6,728.71 per month *outside* of the payments to the Chapter 13 Trustee. The Debtor's "Statement of Your Current Monthly Income and Calculation of Commitment Period" states that he earns $2,346.23 per month [Docket 12, page 2]. There is no explanation (rational or otherwise) of the source of the additional $4,382.48 per month to pay those secured creditors. Moreover, that math completely ignores that the Debtor needs money for the other basics of life.

12. Based upon the totality of the foregoing, this appears to be a bad-faith filing by the Debtor. There is no reasonable explanation of (a) why the Debtor's proposed Chapter 13 Plan omits *all* unsecured creditors such as PFT, (b) why the Debtor's schedules omit the PFT litigation, and (c) the mathematical inconsistencies and impossibilities.

13. PFT respectfully requests the Court deny confirmation of the Plan, and grant such other and further relief as the Court deems just and proper.

Dated: New Hyde Park, New York
       September 11, 2025

POWER-FLO TECHNOLOGIES, INC.

By: _____
    Robert J. Ansell
    General Counsel
    270 Park Avenue
    New Hyde Park, New York 11040
    (516) 812-6963
    rob.ansell@pftec.net

Dated: West Orange, New Jersey
      September 11 2025

PEM Law LLP
Local Attorneys

*L Spinelli*

By:   Leonard S. Spinelli
      One Boland Drive, Suite 101
      West Orange, NJ 07052
      (973) 585-5325
      lspinelli@pemlawfirm.com