| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Donald F. Campbell, Jr. (DC8924)<br>Giordano, Halleran & Ciesla, P.C.<br>125 Half Mile Road, Suite 300<br>Red Bank, New Jersey 07701<br>Tel: (732) 741 3900<br>Fax: (732) 224 6599<br>dcampbell@ghclaw.com<br>Attorneys for Creditor, Manasquan Bank |
| In Re:<br><br>Joseph K. Vinci<br><br>                    Debtor. |

Case No.**:** **25-17113-CMG**

Chapter: 13

Judge: Hon. Christine M. Gravelle, U.S.B.J.

## OBJECTION TO CONFIRMATION OF PLAN

Manasquan Bank ("Secured Creditor") by and through its undersigned counsel, joins in on the objections filed by Creditors Associated Bank, N.A., Lakeview Loan Servicing, LLC, and Power-Flo Technologies, Inc., and, further submits this Objection to the Debtor Joseph K. Vinci's ("Debtor") Chapter 13 Plan (the "Plan") [Docket No. 13] and in support thereof states the following:

### CHAPTER 13 PLAN

1. On July 7, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. Secured Creditor holds a security interest in the Debtor's real property located at 30 Tobi Ct., Freehold, New Jersey 07728 (the "Property") by way of two (2) mortgage liens against the Property.

3. On July 28, 2025 the Debtor filed the proposed Plan.

#11701016v1

## FEASABILITY

4. The Plan includes payments towards the Mortgage; however, the stated arrears are inaccurate. On September 15, 2025, Secured Creditor filed two proofs of claims in the amounts of $250,316.95 [Claim No. 25] and $7,462.29 [Claim No. 26].

5. Furthermore, the Debtor's Plan is not feasible because the Debtor does not have sufficient disposable income to cover his monthly liabilities. Debtor's Schedule I indicates a monthly disposable income of $2,346.23, whereas the Debtor's Schedule I indicates monthly expenses of $10,337.71. This leaves a negative monthly net income of -$7,991.48. The Debtor does not have sufficient disposable income to meet the proposed plan payments of $350.00 a month for 12 months, and then $1,500.00 for 48 months, in addition to his current expenses and liabilities. The Debtor's Schedules I and J show that the Debtor cannot cover his monthly obligations, and as a result, the proposed Plan is not feasible as filed.

6. Moreover, the Debtor's Plan is speculative and therefore not feasible. The Debtor states his intention to shut down his existing business (see Schedule I at page 2, paragraph 13) but has yet to secure new employment or demonstrate any reliable future income. The Debtor cannot now propose a plan, nor can the Plan be confirmed, based upon speculation that the Debtor may obtain future employment to generate sufficient income to fund plan payments.

7. Lastly, the proposed plan as filed is not in the best interest of all creditors. Creditors, including Secured Creditor, would receive a greater distribution if the Debtor were to liquidate his assets under a Chapter 7 proceeding. The Plan fails to provide creditors

#11701016v1

with at least as much as they would receive under Chapter 7, and it is most apparent that the Debtor will not pay the claims in full or in a timely manner as proposed.

## RELIEF REQUESTED

Based upon the foregoing, Manasquan Bank requests that this Cort deny the Debtor's proposed Chapter 13 Plan.

GIORDANO HALLERAN & CIESLA, P.C.
Attorneys for Creditor, Manasquan Bank

By:     */s/ Donald F. Campbell, Jr.*
        Donald F. Campbell, Jr.

Dated: September 17, 2025

#11701016v1